

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00343-CV

---

IN RE CASEY DOBBS, RELATOR

---

ORIGINAL PROCEEDING

---

January 4, 2021

## MEMORANDUM OPINION

### Before PIRTLE and PARKER and DOSS, JJ.

Relator, Casey Dobbs, a prison inmate proceeding pro se and *in forma pauperis*, has filed a petition for writ of mandamus seeking to compel the Honorable Ron Saul to issue temporary orders in a pending suit affecting the parent-child relationship that provides Dobbs and his parents visitation and access to Dobbs' minor child.[1]  We deny the petition.

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court clearly abused its discretion, and (2) no adequate appellate remedy

---

[1] As discussed below, relator appears to seek relief against another party to the underlying divorce proceeding rather than against the district court presiding over that legal action.

exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, the relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). To meet this burden, the relator must provide a record sufficient to establish his right to mandamus relief. *Id.* at 837; *In re Johnson*, No. 06-13-00137-CV, 2014 Tex. App. LEXIS 52, at *1-2 (Tex. App.—Texarkana Jan. 7, 2014, orig. proceeding) (mem. op.).

Initially, we note that relator failed to comply with most of the mandatory requirements for relief identified by Rule 52.3 of the Texas Rules of Appellate Procedure. Specifically, the petition does not include the name of the judge against whom relief is sought and does not provide a concise description of the respondent's action from which the relator seeks relief. TEX. R. APP. P. 52.3(d)(2), (3). Relator also fails to state the basis of this Court's jurisdiction over the original proceeding, *see* TEX. R. APP. P. 52.3(e), concisely state his issues or points presented, *see* TEX. R. APP. P. 52.3(f), include a statement of facts that concisely states the facts pertinent to the issues or points presented, *see* TEX. R. APP. P. 52.3(g), include a clear and concise argument for the contentions made with appropriate citations to the appendix or record, *see* TEX. R. APP. P. 52.3(h), and include a certified or sworn copy of any order complained of or other document showing the matter complained of, *see* TEX. R. APP. P. 52.3(k)(1)(A). A party proceeding pro se is not exempt from complying with the rules of procedure. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Relator's failure to comply with the requirements

2

of Rule 52 requires denial of the petition. *In re Smith*, No. 07-19-00402-CV, 2020 Tex. App. LEXIS 775, at *2 (Tex. App.—Amarillo Jan. 28, 2020, orig. proceeding) (mem. op.).

In addition, all of relator's complaints are directed toward actions or inaction on the part of relator's wife. Relator does not appear to seek relief from an action of the trial court but, rather, from the actions of another party to the pending divorce. An intermediate appellate court has authority to issue a writ of mandamus against a judge of a district or county court in the court of appeals' district and all writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (West Supp. 2020); *In re Newby*, No. 07-07-00228-CV, 2007 Tex. App. LEXIS 5705, at *2-3 (Tex. App.—Amarillo July 19, 2007, orig. proceeding) (per curiam). Thus, to the extent that relator seeks an order compelling another party to the pending divorce to allow visitation and access to the child, relator has failed to demonstrate how the issuance of such a writ is necessary to enforce our jurisdiction.

Consequently, to the extent that relator's petition seeks relief against another party to the underlying divorce, it is dismissed for want of jurisdiction. To the extent relator's petition seeks relief against Judge Saul, it is denied.

Per Curiam